# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**RICHARD BROWN**                                                                           **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 4:08CV117-P-S**

**STEPHEN SIMPSON, COMMISSIONER
OF THE MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY, AND OFFICER THOMAS
M. "MIKE" MULLINS**                                                   **DEFENDANTS**

## ORDER

This cause is before the Court on the defendants' Motion to Dismiss on the Grounds of Eleventh Amendment Immunity [7]. The Court, having reviewed the motion, the movant's brief and the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff sued Stephen Simpson, the Commissioner of the Mississippi Department of Public Safety, in his official capacity, and Officer Thomas M. Mullins in both his official and individual capacities. Defendants seek dismissal of the official capacity claims against each of them.

The defendants' Motion is predicated on their immunity from suit in federal court under the Eleventh Amendment to the Constitution. The Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Constitution, Amendment XI. Although the Amendment speaks only of suits by citizens of another state, well-settled decisional law establishes that the Amendment also precludes citizens of the subject state (in this case, Mississippi) from seeking redress in federal court. Vogt v. Board of Commissioners, 294 F.3d 684, 688 (5th Cir. 2002)(The "ultimate guarantee

of the Eleventh Amendment"is that a non-consenting State may not be sued in federal court by private individuals, including its own citizens). Furthermore, that prohibition extends to suits against any state agency or other political entity that is deemed the "alter ego" or an "arm" of the State.[1] Id. at 689. Finally, "the Eleventh Amendment bar 'remains in effect when State officials are sued for damages in their official capacity.'" King v. Mississippi Highway Patrol, 827 F. Supp. 402, 404 (S.D. Miss. 1993) (quoting from Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed.2d. 114 (1985)). Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion to Dismiss on the Grounds of Eleventh Amendment Immunity [7] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the Stephen Simpson, Commission of Public Safety, is hereby dismissed as a party defendant. IT IS FURTHER ORDERED that the official capacity claim against Thomas M. Mullins is likewise dismissed. IT IS FURTHER ORDERED that the stay imposed by Magistrate David A. Sanders on March 2, 2009 is hereby LIFTED. IT IS FURTHER ORDERED that the parties are to contact the Magistrate Judge regarding the entry of an amended case management order within ten (10) days of the entry of this Order.

SO ORDERED, this the 7th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Under the circumstances, there is no question that the Mississippi Department of Public Safety is an arm of the State as measured by the six factor test set forth in Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001). Both state statutes and case law characterize the agency (and its various branches) as an arm of the state. It receives its funding from the State of Mississippi. See King v. Mississippi Highway Patrol, 827 F. Supp. 402, 404 (S.D. Miss. 1993). DPS is a statewide agency that controls all aspects of statewide law enforcement and public safety. The Commissioner of Public Safety is an appointee of, and serves at the leisure of, the Governor.